**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-20192-CR-CANNON/OTAZO-REYES**

UNITED STATES OF AMERICA,

v.

TELCY DICKENS PIERRE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

       THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Aileen M. Cannon and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Telcy Dickens Pierre ("Pierre"). Pursuant to such reference the undersigned conducted a change of plea hearing by video conference on October 4, 2021, which was attended by Pierre, his attorney, Robert Adler, and Kevin Gerarde, Assistant United States Attorney. The undersigned hereby advises as follows:

       1.  At the commencement of the change of plea proceedings, the undersigned advised Pierre that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. Pierre was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Pierre, his attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Pierre that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing on a future date.

       2.  Pierre also consented to the undersigned holding the hearing by video conference. Further,

the undersigned found that Pierre's guilty plea could not be further delayed without serious harm to the interests of justice.

3.    The undersigned conducted a plea colloquy with Pierre consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4.    The undersigned advised Pierre of the sentence possibilities as to Count 3 set forth in the Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release.  Pierre was advised that Count 3, to which he was pleading guilty, carries a minimum term of imprisonment of 5 years and a maximum term of imprisonment of up to life, followed by a term of supervised release of up to 5 years.  Additionally, the District Judge may impose a fine of up to $250,000,000.  Pierre was advised that there is a mandatory special assessment of $100 that will be imposed at the time of sentencing; and that the Court may order forfeiture and restitution.

5.    Pierre acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6.    Pierre pled guilty to Count 3 set forth in the Indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

7.    The government submitted a stipulated factual proffer for the guilty plea which consisted of all of the essential elements of the offense to which Pierre pled guilty.

8.    Pierre was informed that a Pre-Sentence Investigation Report will be conducted prior to sentencing.  Pierre will remain pre-trial detained pending imposition of sentence.  The sentencing

hearing will be conducted by the District Judge on a future date.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Pierre be found to have freely and voluntarily entered his guilty plea to Count 3 set forth in the Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing be conducted on a future date for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Aileen M. Cannon, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 4th day of October, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:     United States District Judge Aileen M. Cannon
        Counsel of Record